THREADGILL, Judge.
This is an administrative appeal from an order of the Florida Real Estate Commission (Commission) denying the appellant’s claims against the Florida Real Estate Recovery Fund (Fund), section 475.482, Florida Statutes (Supp.1988). The appellant argues that the Commission erred in failing to acknowledge specific findings by the circuit court of fraud committed by James Waddle, a registered and licensed real estate broker, in a real estate transaction. We agree and reverse.
The appellant, Deanne Dullea, brought an action in circuit court against Waddle and Florida Westbay Corporation (West-bay), to foreclose on a mortgage and for fraud in obtaining title to property owned by the appellant. A final judgment was entered in favor of the appellant and against Westbay and Waddle upon the claim for fraud.
The appellant filed a notice of claim with the Commission pursuant to section 475.-483(l)(b), Florida Statutes (Supp.1988). The Commission conducted a hearing and at the conclusion of the hearing denied the appellant’s claim.
The Commission found that the appellant had complied with the asset search requirements, and had provided notification of its claim within the two-year time frame, set forth in section 475.483. In denying the claim, the Commission reasoned that there was no evidence that the property was listed with Waddle; that Waddle acted as *208 an agent of the appellant; or that Waddle acted in a brokerage capacity. The Commission further found that the claim did not meet the statutory requirements for recovery from the Fund,[1] because any commission paid or monies received at closing went to Westbay, which was not and is not registered as a real estate brokerage.
The findings and the reasoning of the Commission are not determinative of the issue in this case. Section 475.483(l)(a) provides that a person is eligible to seek recovery from the Fund if “[s]uch person has received final judgment in a court of competent jurisdiction in this state in any action wherein the cause of action was based on a real estate brokerage transaction or any violation proscribed in s. 475.25 ...” (emphasis added). Section 475.25 sets forth a number of violations for which real estate licensees may be disciplined, including
fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction in this state or any state ... [or] has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express, or implied, in a real estate transaction....
The appellant received a final judgment wherein the trial court specifically found that Westbay and Waddle committed fraud in the course of the real estate transaction, as contemplated by section 475.25(b).[2] Accordingly, the appellant was eligible to recover based upon the trial court’s finding of fraud.
It also appears that the appellant would be eligible to recover based upon Waddle’s violation of a duty imposed upon him by law, namely the duty of honesty, candor, and fair-dealing imposed upon real estate brokers and salespersons, even where there is no principal-agent relationship between the broker and seller. See Ellis v. Flink, 301 So.2d 493, 494 (Fla. 2d DCA 1974).
The final judgment against Waddle and Westbay awarded the appellant $22,-428.78, which was the sum paid by the appellant to preserve her equity in her property, together with interest and attorney fees, for a total of $27,971.58. Section 475.484(l)(a) provides that payments from the Fund are limited to actual or compensatory damages in an amount equal to the unsatisfied portion of the judgment or $25,-000, whichever is less, and attorney’s fees and interest shall not be recovered from the Fund in situations such as this. Therefore, the appellant is eligible to recover only $22,428.78 from the Fund.
We therefore reverse and remand with instructions that the appellant’s claim of $22,428.78 be paid.
Reversed and remanded.
HALL, A.C.J., and PARKER, J., concur.

. The Commission cited §§ 475.42(l)(k) and 475.483(2)(d), Fla.Stat. (Supp.1988).

. The trial court's order cited to section 425.-25(b), Florida Statutes. Upon review of section 425.25 and upon review of the order in context, it is clear the citation included a typographical error and that the trial court intended to cite to section 475.25(b).