COBB, Judge.
Henry L. Gauthier appeals an order of the Florida Real Estate Commission which granted the claim of Richard L. Smith and his son, Trent Smith, against the Real Estate Recovery Fund and suspended Gauthier’s real estate broker’s license. See § 475.482, Fla.Stat. (1991). We reverse.
The final order of the commission found that, after the Smiths advertised their pizza business for sale, Gauthier contacted them, identified himself as a broker, and stated that he had a potential buyer, Linkenheimer. The Smiths said they did not want to utilize a broker and be obligated for his commission. Subsequently, the Smiths negotiated with Linkenheimer and Gauthier, resulting in an executed agreement to purchase.
When the buyers failed to make the payments due under the agreement to purchase, the Smiths sued them in circuit court and obtained a judgment in the amount of some $25,000.00 against them. On the basis of the unsatisfied money judgment against Gauthier, the Smiths filed a claim against the Fund. That claim was granted by the Commission, which based its conclusion in large part upon our opinion in Riggs v. Department of Professional Regulation, 530 So.2d 980 (Fla. 5th DCA 1988). We do not find Riggs apposite to the instant facts for the reasons hereinafter discussed.
The record in this case does not support the finding by the Commission that Gauthier’s failure as a broker “to prepare documents in an honest and competent manner and to otherwise conduct himself honestly ... was a proximate cause of the (Smiths’) losses.” Gauthier never acted as a broker for the Smiths, they never relied upon him as a broker, there were no defective documents prepared by anyone, and the loss by the Smiths was caused solely by the contractual failure of the purchasers (Gauthier and Link-enheimer) to pay off the money owed pursuant to a sales agreement. This was candidly acknowledged by the Commission at oral argument.
Although Gauthier was initially acting as a broker for Linkenheimer, the ultimate transaction was simply a sale from the Smiths to Gauthier and Linkenheimer, and Linken-heimer has made no complaint about Gauthier’s activities as his broker. There is no explanation in the record, in the briefs or at oral argument before this court, to show how a defective sales agreement, the only document involved, caused any injury to the Smiths. They were injured by the failure of the purchasers to pay. Consequently, the Smiths obtained a money judgment against them.
The cause of action pursued in circuit court by the Smiths, the sine qua non for the subsequent action by the Commission, was not based on a brokerage transaction. It was based upon breach of the sales agreement, which was initially negotiated between the Smiths and Linkenheimer, although typed in Gauthier’s office. The Smiths elected not to retain either an attorney or a broker to represent them in the transaction in order to save money, and there was no duty on the part of Gauthier to prepare any documents incident to the transaction.
The Smiths were not “adjudged by a court of competent jurisdiction to have suffered monetary damage” as a result of Gauthier’s having violated any provision of Chapter 475 or having obtained “money or property by fraud, misrepresentation, deceit, false pretenses, artifice or trickery or by any other act which would constitute a violation proscribed in section 475.25.” See § 475.482(1), *582 Fla.Stat. (1991).[1] Therefore, the judgment obtained by the Smiths against Gauthier did not satisfy the requirements of the recovery fund legislation and the Smiths are not entitled to payment out of the recovery fund.
Section 475.483(2)(c), Florida Statutes (1991), bars recovery out of the recovery fund if the subject claim “is based upon a real estate transaction in which the licensed broker or sales person was acting with respect to the property owned or controlled by the broker or sales person.” As argued by Gauthier, the judgment against him was recovered in an action wherein he was sued as a purchaser (ergo, owner), not as a real estate broker.
Our opinion in Riggs, relied upon by the Commission, is readily distinguishable. In that case a real estate salesman, Gaylord, upon being contacted by Riggs, a prospective purchaser for a lot Gaylord had listed, stepped in and, using money advanced by Riggs together with additional bank financing, bought the lot himself for less than Riggs was offering, then resold it to Riggs. When Gaylord failed to make his mortgage payments to the bank and foreclosure was instituted, Riggs cross-claimed against Gay-lord and obtained a money judgment. Riggs then filed a claim against the Florida Real Estate Recovery Fund, which was denied by the Florida Real Commission on the basis of section 475.483(2)(c), Florida Statutes — ie., Gaylord was acting on his own behalf with respect to property owned or controlled by him and therefore fell within the statutory exclusion.
On appeal we reversed and held that this “real estate transaction” commenced with Gaylord’s act, as a licensed real estate salesman, in advertising to sell a lot then owned by a third party, Gaylord’s client. Gaylord then used his superior position of knowledge and personal contacts with the original owner and the prospective purchaser to abandon his role as salesman and interject himself into the transaction as a principal to make more money than a mere commission. In other words, Gaylord “ran in front of the purchaser, bought the lot from the salesman’s true client, the original owner, and simultaneously contracted directly with Riggs as purchaser.”
We held that Gaylord, while acting as a salesman, improperly acquired the property and then closed the transaction on his own behalf and for his profit. This was obviously deceitful conduct, since both the original owner and Riggs were deceived and actually kept apart by the man hired to bring them together, resulting in a loss to Riggs.
The conduct of Gauthier in the instant case is not analogous to that of Gaylord. The Smiths, as sellers, knew of the existence and participation of both Gauthier and his client, Linkenheimer, at all times in the instant transaction. Gauthier did not interject himself into the transaction without Linkenheimer’s knowledge. Indeed, he joined with him in purchasing the property from the Smiths. In point of fact, the joinder of Gauthier as a purchaser along with Linkenheimer operated as an advantage for the Smiths since it gave them additional security for the payment of the purchase amount. This ultimately resulted in a judgment against two debtors rather than merely against one (Linkenheimer).
Accordingly, we reverse the order of the Commission.
DAUKSCH, J., concurs.
THOMPSON, J., dissents with opinion.

. Section 475.482(1), Florida Statutes (1991), provides for the "reimbursement” of any claimant
adjudged by a court of competent jurisdiction to have suffered monetary damages by reason of any of the following acts committed as part of any real estate brokerage transaction involving real property in this state by any broker
[[Image here]]
(a) Any violation of the provisions of this chapter; or
(b) Obtaining money or property by fraud, misrepresentation, deceit, false pretenses, artifice, or trickery or by any other act which would constitute a violation proscribed in s. 475.25. (Emphasis added).
Additionally, under section 475.483(1), Florida Statutes (1991),
Any person is eligible to seek recovery from the Real Estate Recovery Fund if:
(a) Such person has received final judgment in a court of competent jurisdiction in this state in any action wherein the cause of action was based on a real estate brokerage transaction or any violation proscribed in s. 475.25; .... (Emphasis added).