THOMPSON, Judge,
dissenting.
This court writes that the actions of the circuit court and the “subsequent action by the Commission, were not based on a brokerage transaction.” I disagree and therefore I dissent.
The resolution of this case turns upon the definition of “real estate transaction.” This court’s opinion accepts Gauthier’s argument that the Commission improperly granted recovery from the Fund because the Smiths’ judgment against him was for damages suffered as a result of a breach of contract rather than for a cause of action “based on a real estate brokerage transaction” or any violation of Chapter 475. See §§ 475.482(1), 475.483, & 475.25, Fla.Stat. (1991). I think that our previous holding in Riggs v. Department of Professional Regulation, Fla. Real Estate Comm’n, 530 So.2d 980 (Fla. 5th DCA 1988), is applicable and dispositive of the matter pending before us.
In Riggs, we determined that “ ‘transaction’ is a vague term referring generally to a series of events of undefined commencement and conclusion.” Id. at 981. We held that courts should not so narrowly construe “real estate transaction” as to exclude a claim against the Fund. The precise language of the case reads:
If, under these circumstances, the statutory language ‘real estate transaction’ is narrowly construed to exclude a claim against the Real Estate Recovery Fund, then many claims will be disqualified which we believe it was the intent of the legislature to include.
Id. at 981.
In the present case, the Commission found Gauthier acted as a broker and as a principal in the transaction. He initially got involved in the transaction as a broker when he approached the Smiths, identified himself as a broker, and stated that he had a potential buyer for the Smiths’ business. I find no difference between this ease and Riggs wherein the broker “ran in front of the purchaser.” Id. Additionally, Richard L. Smith testified before the Commission that he relied upon Gauthier to prepare the agreement for sale in a competent manner and that it was poorly drawn. As a result of the poorly drafted agreement, the Smiths lost their business and were required to file a lawsuit. This testimony supports the Commission’s finding that Gauthier’s failure to adequately prepare the document led to the Smiths’ loss and is the basis for a claim against the fund.[1] The fact that there is no principal-agent relationship between the Smiths and Gauthier does not bar recovery from the Fund. Dullea v. Department of Business Regulation, Fla. Real Estate Comm’n, 599 So.2d 207, 208 (Fla. 2d DCA 1992). At a minimum, the Smiths should have been able to rely upon the duty imposed upon Gauthier by statute to accurately draft the agreement.
Finally, it appears this court is substituting its judgment for the Commission’s judgment as to the weight of the evidence on disputed findings of fact when it determines that “this case does not support the finding by the Commission that Gauthier’s failure as a broker ‘to prepare documents in an honest and competent manner and to otherwise conduct himself honestly ... was a proximate cause of the (Smiths’) losses.’” Appellate courts are expressly prohibited from substituting their judgment for that of the Commission. See § 120.68(10), Fla.Stat. (1993). I find that there is competent substantial evidence in the record to support the Commission’s finding. For these reasons, I would affirm the Commission’s order.

. §§ 475.482(1), 475.483(l)(a), Fla.Stat. (1991).