COBB, Judge.
Dorothy Wasser appeals from an order of the Florida Real Estate Commission which denied her request for payment from the Florida Real Estate Recovery Fund for losses caused by a real estate licensee, Jones. This case was heard pursuant to section 120.57(2), Florida Statutes, which provides “Additional Procedures Applicable to Hearings Not Involving Disputed Issues of Material Fact.” No transcript is included in the record on appeal and it appears that no evidentiary hearing was held.
This ease is controlled by Gauthier v. Florida Real Estate Commission, 654 So.2d 580 (Fla. 5th DCA), rev. denied, 661 So.2d 824 (Fla.1995). As in Gauthier, the injury to the claimant (in this case Wasser) did not result from any actions or misconduct by the broker (Jones) acting as a broker in violation of any provision of Chapter 475.[1]
*634 Rather, the instant situation is directly-covered by section 475.483(2)(c), Florida Statutes (1997), which bars recovery out of the recovery fund if the subject claim “is based upon a real estate transaction in which the licensed broker or salesperson was the owner of or controlled the property involved in the transaction; in which the licensee was dealing for the licensees own account; or in which the licensee was not acting as a broker or salesperson.” That is precisely the situation here, as it was in Gauthier. Here, Jones was sued as a purchaser (ergo, owner), not as a real estate broker or salesman. Wasser’s claim is that her purchaser, Jones, failed to pay her and failed to obtain for her a golf equity membership as part of the sales price.
AFFIRMED.
ANTOON, J., concurs.
W. SHARP, J., dissents with opinion.

. Section 475.482(1), Florida Statutes (1997), provides for the “reimbursement” of any claimant *634 adjudged by a court of competent civil jurisdiction in this state to have suffered monetary damages by reason of any act committed, as part of any real estate brokerage transaction involving real property in this state, by any broker ... who:
(a) Was, at the time the alleged act was committed, the holder of a current, valid, active real estate license issued under this part;
(b) Was neither the seller, buyer, landlord, or tenant in the transaction nor an officer or a director of a corporation or a member of a partnership which was the seller, buyer, landlord, or tenant in the transaction; and
(c)Was acting solely in the capacity of a real estate licensee in the transaction;
Additionally, under section 475.483(1), Florida Statutes (1997),
(1) Any person is eligible to seek recovery from the Real Estate Recovery Fund if:
(a) Such person has received a final judgment in a court of competent civil jurisdiction in this state against an individual broker or salesperson in any action wherein the cause of action was based on a real estate brokerage transaction.
(Emphasis added).