W. SHARP, Judge,
dissenting.
I respectfully dissent because in my view there is a disputed material fact question as to whether Jones was acting as a broker in this transaction. The case was heard below pursuant to section 120.57(2), Florida Statutes “Additional Procedures Applicable to Hearings Not Involving Disputed Issues of Material Fact,” a kind of summary judgment proceeding. Thus I would remand the cause for an evidentiary hearing.
Based on the documents of record, a reasonable interpretation of them is that Jones initiated this transaction in his capacity as a broker/lieensee. He listed Wasser’s home with his real estate agency, Arvida Realty Sales, Ltd., Champion Group. He produced buyers (his son and the son’s girlfriend) and produced a contract in November 1995 with a closing set for January 1996. Jones told Wasser he would guarantee the financing, but on advice of counsel he decided he would purchase the home in his own name, although it was for the benefit of his son and girlfriend. Thus, the contract shows Jones as the nominal buyer.
Pursuant to the contract, Wasser paid to Jones a $1,000 “escrow” deposit, and a down payment of $35,000 towards the total purchase price, which included a golf membership. These funds were arguably not paid to Jones as a buyer, but rather as a broker, to be placed in escrow, pending a closing. However, Jones did not place the funds in escrow nor did he put them into the real estate company’s trust accounts. Rather, these were the funds that Jones has now (after defaulting on the purchase contract) refused to return to Wasser. This is not simply a matter of having “defaulted” on the purchase contract.
The fact that Jones later interposed himself as a buyer to accommodate his relatives who were the real purchasers in this transaction fits this court’s broader concept of what constituted a transaction for purposes of recovery from the Fund. See Riggs v. Department of Professional Regulation, Florida Real Estate Commission, 530 So.2d 980 (Fla. 5th DCA 1988). See also Dullea v. Department of Business Regulation, Florida Real Estate Commission, 599 So.2d 207 (Fla. 2d DCA 1992). The default here was not simply failure to pay and complete the real estate contract. Jones has absconded with the $1,000 “escrow deposit” and the $35,000 down payment on the purchase (related to the golf membership). In taking these funds *635 and not holding them in escrow or in trust until closing, Jones clearly violated his fiduciary duties as a broker.