GROSS, C.J.
Louis Dorcely timely appeals a final order of the Department of Business and Professional Regulation, Florida Real Estate Commission, denying his claim for payment from the Florida Real Estate Recovery Fund. See §§ 475.482-475.486, Fla. Stat. (2008). We affirm, finding that the claim was untimely filed and that competent, substantial evidence supports the conclusion that this was not the type of real estate transaction that qualifies for reimbursement.
In general, the Fund provides for recovery of damages “by reason of any act committed, as part of any real estate brokerage transaction involving real property in this state,” by a real estate broker or sales associate who held a “current, valid, active real estate license” at the time the wrongful act was committed. § 475.482(l)(a), Fla. Stat. (2008).
Dorcely and his former wife signed an agreement with Thrity Malhotra, a Chapter 475 licensee. The agreement provided that Malhotra could “take over” the property, bring the mortgage up to date, and make “all necessary improvements needed to make the house marketable.” Pursuant to the agreement, Dorcely moved out of the house. Malhotra took over the property, brought all bills current, and made renovations.
In addition to the agreement, Dorcely executed a “land trust warranty deed” that transferred the property to Malhotra, “his heirs and assigns, forever.” The warranty deed provided that:
[Malhotra] shall have full power and authority to deal in and with the property including the power and authority to protect, conserve, sell, lease or encumber and otherwise manage and dispose of the Property, or any part thereof, it being the intent to vest in [Malhotra] full rights as grantee of the Property as authorized and contemplated by Section 689.071, Florida Statutes, [“Land trusts transferring interests in real estate; ownership vests in trustee”].
In late 2004, Malhotra sold the property to a third party, without Dorcely’s knowledge or consent. In January, 2005, Dorcely learned from a neighbor that the property had been sold, so he contacted Malhotra about his share of the profits. Even though the sale netted $150,000, Malhotra gave only $15,090 to Dorcely and his former wife.
Dorcely filed a lawsuit against Malhotra. On April 1, 2008, the circuit court entered a final judgment requiring Malhotra to pay $113,900 in damages.
On June 16, 2008, Dorcely filed a claim with the Real Estate Commission for $113,900 from the Fund. After a hearing, the Commission denied the claim, based on two grounds. First, the Commission con- *836 eluded that Dorcely did not file his claim within two years of becoming aware of Malhotra’s fraudulent act, as required by section 475.483(l)(c), Florida Statutes (2008). The Commission found Dorcely became aware of the fraud in January 2005, but did not file a claim until June 16, 2008. Second, the Commission ruled that Malhotra had “acted as a buyer by accepting title to the disputed property as trustee and as [a] seller in conveying the said property to a third party,” so that Dorcely’s claim ran afoul of section 475.482(l)(b), Florida Statutes (2008), which provides that the wrongdoing licensee be “neither the seller, buyer, landlord, or tenant in the transaction” for there to be a recovery from the Fund.
In an appeal from final administrative action, this court reviews the administrative agency’s findings of fact to determine whether they are supported by competent, substantial evidence. § 120.68(7)(b), Fla. Stat. (2008); see also Maynard v. Fla. Unemployment Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992). This court will not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. See § 120.68(10), Fla. Stat. (2008); Maynard, 609 So.2d at 145. We review the agency’s conclusions of law de novo. § 120.68(7)(d); see, e.g., SW Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 778 So.2d 594, 597 (Fla. 1st DCA 2000).
Subsection 475.482(1), Florida Statutes (2008), sets forth the requirements of a valid claim for reimbursement from the Florida Real Estate Recovery Fund:
The ... Recovery Fund shall be disbursed ... on order of the commission, as reimbursement to any person ... adjudged by a court of competent civil jurisdiction in this state to have suffered monetary damages by reason of any act committed, as part of any real estate brokerage transaction involving real property in this state, by any broker ... who:
(a) Was, at the time the alleged act was committed, the holder of a current, valid, active real estate license issued under this part;
(b) Was neither the seller, buyer, landlord, or tenant in the transaction ...; and
(c) Was acting solely in the capacity of a real estate licensee in the transaction;
provided the act was a violation proscribed in s. 475.25 or s. 475.42.
Further, the statute imposes time limitations on a claim against the Fund. To be “eligible to seek recovery” a person must make a claim for recovery:
within 2 years from the time of the act giving rise to the claim or within 2 years from the time the act is discovered or should have been discovered with the exercise of due diligence.
§ 475.483(l)(c), Fla. Stat. (2008).
As the Commission found, Dorcely failed to comply with the time limitations of section 475.483(l)(c). He discovered the fraud in January, 2005, when he learned that the house had been sold, but did not file a claim against the fund until June, 2008, outside the two year time limitation.
Dorcely’s argument to avoid the two year limitation period is not well taken. Dorcely contends that his claim was timely because it was filed within two years of the 2008 final judgment. He points to section 475.482(1), which provides that a requirement for disbursal from the Fund is that a “court of competent civil jurisdiction” adjudge that the claimant has “suffered monetary damages by reason of any act committed as a part of any real estate brokerage transaction.” However, this *837 section does not alter the plain language of section 475.483(l)(c), which measures the two-year limitations period from “the time the [wrongful] act is discovered or should have been discovered with the exercise of due diligence,” not from the time a final judgment is obtained.
Substantial, competent evidence supports the Commission’s alternative conclusion — that Malhotra acted as a buyer and a seller in the transaction — so that the claim did not qualify under 475.482(l)(b), which provides that the wrongdoing licensee be “neither the seller, buyer, landlord, or tenant in the transaction” for there to be a recovery from the Fund. Dorcely relies on Riggs v. Department of Professional Regulation, Florida Real Estate Commission, 530 So.2d 980 (Fla. 5th DCA 1988), but that case does not control here. Riggs broadly construed the term “real estate transaction” in section 475.483(2)(c), Florida Statutes (1985), to include a situation where a real estate salesman purchased property with his client’s down payment and entered into a written, unrecorded contract for deed with the client. Id. at 980. In the 1985 statute, the current version of section 475.482 did not exist. Compare § 475.482, Fla. Stat. (1985) with § 475.482, Fla. Stat. (2008). The current version of the statute contains subsection (l)(a)-(c), upon which the Commission here relied, which have the effect of narrowing the circumstances when reimbursement from the Fund is appropriate. The broad statutory construction of Riggs is no longer justified in light of the later amendments to the statute.

Affirmed.

TAYLOR and HAZOURI, JJ., concur.