WALLIS, J.
Appellants appeal the final orders of the Florida Real Estate Commission (the “FREC”) denying their claims against the Florida Real Estate Recovery Fund (the “Recovery Fund”). Appellants argue the FREC incorrectly determined that they did not meet the statutory requirements for awards from the Recovery Fund. We agree and reverse with instructions for the FREC to pay Appellants’ respective claims.
Between April 2004 and May 2008, Appellants entered into purchase agreements with Superior Homes and Investments (“Superior”) for the construction of single-family residences on lots in an undeveloped subdivision. The purchase agreements stated that Superior contracted with Tousa Homes, Inc. (“Tousa”), to construct the residences. Appellants entered into the purchase agreements upon alleged fraudulent misrepresentations and omissions by Myrna Ambroise, Steve Am-broise, Mark Goldberg, and Tracy Penny, who are all licensed Florida real-estate brokers employed by Superior or its affiliates (the “Licensees”).
In January 2008, before construction began, Tousa filed for bankruptcy. When construction still had not commenced by June 2008, Appellants began demanding that Superior return their deposits. Superior universally refused to. refund any of the deposits. In response, Appellants joined one of two civil actions against the Licensees, Superior, and Superior’s affiliates. Appellants brought ■ claims against the Licensees for fraudulent inducement and negligent misrepresentation.
After the Licensees failed to defend the two civil cases, the trial court entered default final judgments for Appellants, finding that the Licensees committed fraud in the underlying transactions. Appellants timely notified the FREC of their judgments, and the FREC held a hearing on Appellants’ claims against the Recovery Fund. After the hearing, the FREC entered final orders denying Appellants’ claims. The FREC’s sole reason for denying Appellants’ claims was that Appellants failed to prove the Licensees acted solely in their capacities as real estate licensees, as required by the Recovery Fund statute.
The Recovery Fund “provides for the reimbursement of persons who suffer monetary losses because of the unscrupulous acts of licensed brokers or salespersons.” Moyant v. Beattie, 561 So.2d 1319, 1320 (Fla. 4th DCA 1990). Section 475.482(1), Florida Statutes (2014), allows a claim against the Recovery Fund by any person “adjudged by a court of competent civil jurisdiction in this state to have suffered monetary damages by reason of any act committed, as a part of any real estate brokerage transaction involving real property in this state by any broker or sales associate,” if that act “was a violation pro *1174 scribed in s. 475:25 or s. 475.42.” Section 475.25(l)(b), Florida Statutes (2014), includes “fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, [and] culpable negligence,” among other prohibited acts. In addition, the broker must have acted “solely in the capacity of a real estate licensee in the transaction.” Id. §. 475.482(l)(c).
We first turn to the FREC’s argument that the Licensees did not act solely in their licensee capacities. “[T]he Chapter 475 definition of a broker is broader than ‘one who directly procures a purchaser.’” Meteor Motors, Inc. v. Thompson Halbach & Assoc., 914 So.2d 479, 483 (Fla. 4th DCA 2005) (quoting Schickedanz Bros-Riviera, Ltd. v. Harris, 800 So.2d 608, 609-10 (Fla.2001)). “It appears that the legislature intended to encompass a variety of services, which if performed in this state, for another, for compensation, would require licensing. One of such services is the obtaining of prospects for the purchase of real estate.” Alligood v. Fla. Real Estate Comm’n, 156 So.2d 705, 706-07 (Fla. 2d DCA 1963). Howevér, this court has denied claims against the Recovery Fund where the broker “was sued as a purchaser (ergo, owner), not as á real estate broker or salesman.” Wasser v. Dep’t of Bus. & Prof'l Regulation, 717 So.2d 633, 634 (Fla. 5th DCA 1998); see also Gauthier v. Fla. Real Estate Comm’n, 654 So.2d 580, 581-82 (Fla. 5th DCA 1995). The FREC, does not argue on appeal that the Licensees owned the real estate subject to the purchase agreements.
Appellants’ sole connection to the Licensees was for the purpose of executing the purchase agreements; the Licensees took Appellants on tours of the property, discussed purchasing lots therein, and were listed in the purchase agreements as the “Sales Associate.” Although the FREC speculates that “it is certainly conceivable that the [Licensees] had duties that were not encompassed .within the definitions of ‘broker’ or ‘sales associate,’4” it fails to explain those other duties. The record before us contains no indication, that the Licensees engaged in activities unrelated to their broker capacities with respect to the purchase agreements. Therefore, Appellants have shown that the Licensees acted solely in their capacities as real estate licensees. See § 475.482(l)(c), Fla. Stat.
We next turn to the FREC’s argument that Appellants did not obtain judgments against the Licensees for acts prohibited by section 475.25. The FREC contends that Appellants did not lose then-deposits because, of Licensees’ fraud, but rather due to Tousa’s bankruptcy. However, the default final judgments in the civil cases specifically found that the Licensees made false statements or material omissions, on which Appellants justifiably relied when entering into the purchase agreements, resulting in monetary damages. These judgments fall squarely within the scope of section 475.25. See Dullea v. Dep’t of Bus. Regulation, Fla. Real Estate Comm’n, 599 So.2d 207, 208 (Fla. 2d DCA 1992) (footnote omitted) (“The appellant received a final judgment wherein the trial court specifically found that [developer] and [licensee] committed fraud in the course of the real estate transaction, as contemplated by section 475.25(b). Accordingly, the appellant was eligible to recover based upon the trial court’s finding of fraud.”). Appellants have shown that they obtained judgments for acts prohibited by section 475.25.
Because the FREC erred by denying Appellants’ claims against the Recovery Fund, we reverse and remand with instructions for the FREC to pay Appellants’ claims as follows: (1) $50,000 for the *1175 Bottoms; (2) $50,000. for the Sheppards; (3) $50,000 for the Tilleys;. (4) $50,000 for the Watkinses; (5) $50,000 for Steele and Sellwood; (6) $50,000 for Brown; and (7) $28,299 for Hendricks.
REVERSED and REMANDED with INSTRUCTIONS.
SAWAYA and BERGER, JJ, concur.