DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD F. BROOKSHIRE, JR.,**
Appellant,

v.

**DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT,** and **SHATORRIA MANUEL,**
Appellees.

No. 4D19-1308

[January 8, 2020]

Administrative appeal from the State of Florida, Department of Revenue, Child Support Program; L.T. Case No. 2000579962.

Ronald F. Brookshire, Jr., Greenacres, pro se.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for appellee Department of Revenue.

PER CURIAM.

Ronald Brookshire ("the father") appeals from a final administrative support order entered by the Florida Department of Revenue Child Support Program ("the department"). On appeal, the father asks for "shared/split custody" of the parties' minor child, and that his monthly child support payment be reduced. The department responds that (1) this court lacks jurisdiction to award custody or visitation and (2) no error has been demonstrated in the child support calculations. We agree with the department and affirm, though without prejudice, as set forth below.

As an initial matter, the father did not request a hearing prior to issuance of the final order. Thus, he waived his right to a final hearing, and the department was authorized to enter the final order. *See* § 409.2563(7)(b)-(c), Fla. Stat. (2019).

As to the father's request for shared custody, the issue of time-sharing is not properly before us. "If the parents do not have an existing time-sharing schedule or parenting time plan and do not agree to a parenting

time plan, a plan may not be included in the initial administrative order . . . ." § 409.2563(2)(b), Fla. Stat. (2019); *see also* § 409.2563(2)(e), Fla. Stat. (2019) ("The administrative procedure set forth in this section concerns only the establishment of child support obligations and, *if agreed to and signed by both parents,* a parenting time plan or Title IV-D Standard Parenting Time Plan.") (emphasis added).  Here, both parents did not agree to and sign a parenting time plan so that it could be incorporated into the administrative support order.  As time-sharing was not addressed below, this court may not address it on appeal.  Thus, we affirm on the issue.

However, the father is not without a remedy, as he may file an action for custody and visitation in the circuit court.  *See* § 409.2563(2)(h), Fla. Stat. (2019) ("Either parent may at any time file a civil action in a circuit having jurisdiction and proper venue for a determination of child custody and rights of parental contact.").  Thus, our affirmance on this issue is without prejudice.

As to the father's child support obligation, we affirm the award in the final order as it is supported by competent, substantial evidence.[1]  Again, however, our affirmance is without prejudice.  The father may seek a modification of the final administrative support order as set forth in section 409.2563(12), Florida Statutes, or he may seek a superseding order in the circuit court pursuant to section 409.2563(10)(c), Florida Statutes.  *Miley v. Dep't of Revenue ex rel. Barker*, 23 So. 3d 1284, 1284 (Fla. 4th DCA 2010); *accord Salters v. Dep't of Revenue, Child Support Enf't Program ex rel. Mobley*, 32 So. 3d 777, 778 n.2 (Fla. 2d DCA 2010).

*Affirmed.*

LEVINE, C.J., MAY and FORST, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] "In an appeal from final administrative action, this court reviews the administrative agency's findings of fact to determine whether they are supported by competent, substantial evidence.  This court will not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." *Dorcely v. State Dep't of Bus. & Prof'l Regulation*, 22 So. 3d 834, 836 (Fla. 4th DCA 2009) (citations omitted).